UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMONA AMEZCUA DIAZ, *et al.*, <br><br> Plaintiff, <br><br> v. <br><br> STEVE BRYANT, <br><br> Defendant. | Case No.   1:23-cv-01625-EPG <br><br> ORDER GRANTING MOTIONS TO APPOINT GUARDIAN AD LITEM <br><br> (ECF Nos. 9-13) |

This is a civil rights action, with the first amended complaint being brought by "Plaintiffs Ramona Amezcua Diaz, individually and on behalf of the Estate of Jesus Guzman, Jr., A. A., Je. A., Ja. A., M. A. by and through their guardian ad litem Ramona Amezcua, G. G. by and through his guardian ad litem Karen Garcia." (ECF No. 6, p. 1). Now before the Court are the motions to appoint Plaintiff Diaz as the guardian ad litem for the minor Plaintiffs A.A; Je.A; Ja.A, and M.A. (ECF Nos. 9-12). Additionally, before the Court is the motion to appoint Karen Garcia as the guardian ad litem for the minor Plaintiff G.G. (ECF No. 13). For the following reasons, the Court will grant the motions."

**I.   SUMMARY OF THE MOTIONS**

The motions for the minor Plaintiffs A.A; Je.A; Ja.A, and M.A. states that Plaintiff Ramona Amezcua Diaz is the mother of the minors, that the minors have no guardians of their estates, that Diaz is willing to serve as their guardian ad litem and is competent to understand and

protect their rights, that Diaz has no interests adverse to the minors, and that Plaintiffs have contracted with the Law Office of Kevin G. Little to prosecute this case. (ECF Nos. 9-12). The motion for the minor Plaintiff G.G. makes these same representations, except that the proposed guardian ad litem is Karen Garcia, who is G.G.'s mother. (ECF No. 13).

## II.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 17(c)(2), "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Local Rule 202 further states, in pertinent part:

> (a) **Appointment of Representative or Guardian.** Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or, (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c).
>      . . . .
>
> (c) **Disclosure of Attorney's Interest.**  When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.

E.D. Cal. L.R. 202.

A guardian ad litem needs to be dedicated to the best interests of the minor and "must not face an impermissible conflict of interest with the [minor]." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015). The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *United States v. 30.64 Acres of Land,* 795 F.2d 796, 804 9th Cir. 1986).

## III.    DISCUSSION

The minor Plaintiffs lack the capacity to sue under California law. *See Ramirez Fonua v. City of Hayward*, No. 21-CV-03644 SBA, 2022 WL 36007, at *1 (N.D. Cal. Jan. 4, 2022) ("Under California law, an individual under the age of eighteen may enforce his or her rights by civil action or other legal proceedings in the same manner as an adult, except that a guardian must

conduct the action or proceedings.") (citing Cal. Fam. Code §§ 6500, 6601). Therefore, appointment of a guardian ad litem is necessary and appropriate. There does not appear to be any conflict of interest between the proposed guardians ad litem and the minor Plaintiffs. Additionally, there is nothing to indicate that the proposed guardians ad litem would not act in the minor Plaintiffs' best interests.

On February 28, 2024, counsel filed a declaration regarding attorney interests required by Local Rule 202(c). (ECF No. 16). Among other things, the declaration states that counsel's office was retained by the proposed guardians ad litem, that counsel has not yet been compensated, and that Plaintiffs have "a fairly standard contingency agreement" that may result in compensation.

### IV.     CONCLUSION AND ORDER

Upon review, IT IS ORDERED that the motions to appoint a guardian ad litem (ECF Nos. 9-13) are granted. Ramona Amezcua Diaz shall serve as the guardian ad litem for Plaintiffs A.A., Je.A., Ja.A., and M.A. And Karen Garcia shall serve as the guardian ad litem for Plaintiff G.G. Should there be a settlement of the minor Plaintiffs' claims, counsel is directed to seek court approval as required by Local Rule 202(b).

IT IS SO ORDERED.

Dated:   **February 29, 2024**              /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE

3