UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMONA AMEZCUA DIAZ, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>STEVE BRYANT,<br><br>    Defendant. | Case No. 1:23-cv-01625-JLT-EPG<br><br>ORDER APPROVING, IN PART, PROPOSED STIPULATED PROTECTIVE ORDER<br><br>(ECF No. 23) |

This matter is before the Court on the parties' proposed stipulated protective order. (ECF No. 23). Upon review, the Court finds it acceptable in most respects. However, the Court notes that the parties define the term "confidential information or items" as follows: "information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure, and as specified above in the Good Cause Statement." (ECF No. 23, p. 6).[1]

Such definition improperly allows the parties to deem information confidential so long as they themselves believe that it qualifies for protection under Federal Rule of Civil Procedure 26(c) and without ever disclosing the types of information at issue as required by Local Rule 141.1(c)(1) (requiring "[a] description of the types of information eligible for protection under

---

[1] For readability, the Court has made minor edits to punctuation and capitalization of some of the parties' quotations without indicating each change.

the order, with the description provided in general terms sufficient to reveal the nature of the information (*e.g.*, customer list, formula for soda, diary of a troubled child)").

However, the parties also reference confidential information in their "good cause statement," which section discusses specific information, "including peace officer personnel records." (ECF No. 23, p. 2). Such information is sufficiently detailed to comply with Local Rule 141.1(c)(1). Accordingly, the Court will limit the parties' definition of confidential information to those categories specifically identified in this section.

Additionally, the Court notes that "a protective order may not bind the Court or its personnel." *Rangel v. Forest River, Inc.*, No. EDCV 17-0613 JFW (SS), 2017 WL 2825922, at *2 (C.D. Cal. June 29, 2017). Thus, to the extent that the protective order conflicts with the Court's established practices or Rules, the Court's established practices or Rules will govern.

Accordingly, IT IS ORDERED that the parties' stipulated protective order (ECF No. 23) is approved, in part, as revised above.

IT IS SO ORDERED.

Dated:  **April 23, 2024**                    /s/ Erica P. Grosjean
                                              UNITED STATES MAGISTRATE JUDGE